Argued March 3, affirmed March 16, 1955

# STATE OF OREGON *v.* FULLER

280 P. 2d 980

*John P. Hannon,* of Portland, argued the cause and filed a brief for appellant.

' J. *Raymond Carskadon,* Deputy District Attorney for Multnomah County, argued the cause for respondent. With him on the brief were John B. McCourt, District Attorney for Multnomah County, and Charles E. Raymond, Deputy District Attorney for Multnomah County.

PERRY, J.

The defendant was indicted for the murder of his uncle, Charles Carlyle Fuller, by beating him with a bottle. The jury returned a verdict of manslaughter against the defendant, and from this conviction the defendant appeals.

The evidence adduced at the trial discloses that the defendant was the nephew of Charles Carlyle Fuller and was visiting in his uncle's home during the Christmas season in the year 1952; that on December 26, 1952, at about 10 o'clock in the evening, the defendant being absent from the house, the uncle returned to his home intoxicated, and, after reading some mail, expressed a desire to drive his new automobile to town, and requested his wife, Norma, to give him the keys to the automobile; his wife dissuaded him from attempting to leave the house and persuaded him to go to bed. About 11 o'clock that evening the defendant arrived at the home, and in an attempt to placate the uncle, who still desired to go for a ride in the automobile, the defendant took him for a ride. They returned to the Fuller home about 4 o'clock on the morning of the 27th of December, the uncle so intoxicated that he had to be assisted into the house. The defendant then attempted to undress his uncle and put him to bed; the uncle objected, struggling with the defendant, and the defendant, in order to quiet his uncle so that he could accomplish the disrobing, struck him over the

head with a Pepsi-Cola bottle, and from the assault the uncle died.

■ The defendant's first assignment of error is that the court erred in sustaining an objection to his cross-examination of Dr. T. H. Cochran, who performed the autopsy upon the deceased. We assume the basis of this assignment of error is that Dr. Cochran, having made a written autopsy report, and having refreshed his memory from the original report prior to being called into court as a witness, was not required by the trial court to produce the original memoranda. The doctor testified that he did not have the report in court, and he was testifying from his recollection of the autopsy as performed and not from the report. This assignment of error is without merit. *State of Oregon v. Kader,* 201 Or 300, 340, 270 P2d 160.

■ The defendant's second assignment of error is that the court erred in refusing "to allow defendant's motion to dismiss the indictment" on the grounds that "there was a fatal variance between the proof and the indictment, in that the indictment states that the cause of death was caused by the beating and the proof indicates the death was caused by asphyxia rather than by—as a direct result of the beating." There is no merit in this contention. Dr. Cochran testified as follows:

"Q And, Doctor, in your opinion, if you have one, what was the cause of the death of Carl Fuller?

"A In my opinion the cause of death was the multiple blows, one of which dislodged the teeth and occluded—and the teeth occluded the airway and asphyxiated the deceased."

Defendant's third assignment of error is that he did not have a fair trial because of the court displaying a prejudicial attitude toward defendant's counsel.

We have read the transcript and there is nothing in the transcript that indicates the trial court made any remarks prejudicial to the interests of the defendant. In fact, it appears the court made every effort to see that the defendant was granted a fair and impartial trial.

■ The defendant also assigns as error the admission in evidence of Exhibit No. 17, which was a transcript of testimony given by the defendant while being examined by the District Attorney before his indictment by the grand jury, without first deleting a certain portion of the exhibit. It was stipulated by the parties that the exhibit might be offered in evidence, deleting therefrom the portion immaterial to the issues of the case. The court then ordered the admission of the exhibit, less the portion deleted, but through oversight the entire exhibit was handed to the jury.

We have examined that portion of the exhibit which should not have gone to the jury, and find nothing therein which in anywise prejudiced the rights of the defendant, and, although it was error to permit the jury to examine the portion ordered deleted, the error was not prejudicial.

■ The defendant also assigns as error the failure of the court to give defendant's requested instruction on self-defense. The trial court correctly refused to give an instruction on self-defense since there was no evidence introduced or offered by the defendant that would raise the issue of self-defense. *State v. Trent,* 122 Or 444, 462, 252 P 975, 259 P 893; *State of Oregon v. Glass,* 5 Or 73, 77.

We find no merit in the contentions of the defendant.

The judgment of the trial court is affirmed.